IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORETTA MILLER,<br><br>       *Plaintiff,*<br><br>  v.<br><br>BRYAN BLANCHARD, *et. al.*,<br><br>       *Defendants.* | CIVIL ACTION<br>NO. 18-2752 |

**PAPPERT, J.**                                                                                          March 12, 2019

## MEMORANDUM

*Pro se* Plaintiff Loretta Miller brings this action against Bryan Blanchard, Joseph DeSantola, Howard L. Haber, Ralph Muller "CEO & Trustees of the Pennsylvania Hospital aka University of Pennsylvania" and Charles R. Bridges, Jr. alleging numerous federal and state law claims. (Compl., ECF No. 1.) Miller originally filed her Complaint in the United States District Court for the Middle District of Florida, which then transferred the case to this Court on June 27, 2018. Defendants move to dismiss the Complaint for failure to state a claim and failure to comply with Federal Rule of Civil Procedure 8. The Court grants the Motion for the latter reason.

I

Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 573 (2007). Each averment must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Additionally,

Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Harris v. Julia*, No. 18-CV-4502, 2018 WL 5316352, at *2 (E.D. Pa. Oct. 25, 2018) (citing *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017)).

II

Miller's Complaint fails to succinctly set forth the legal causes of action or factual basis for her claims. The pleading does contain three headings that purport to identify her claims: First Cause of Action—Medical Malpractice, (Compl. 1); Second Cause of Action—Corporate Negligence, (*id*. at 15); Third Cause of Action—Senior Adult Abuse, (*id*. at 21). Despite these headings, Miller's Complaint contains numerous other claims that she appears to be asserting including: unlawful restraint in violation of 18 U.S.C. § 2902, (*id*. at 4, 9); violations of 42 U.S.C. § 1983, (*id*. at 9); violations of the Americans with Disabilities Act, (*id*. at 9); violations of § 504 the Rehabilitation Act, (*id*. at 9); violations of the Emergency Medical Treatment and Active Labor Act, (*id*. at 9); violations of the Health Insurance Portability and Accountability Act, (*id*. at 14); Medicare fraud, (*id*. at 15); kidnapping, (*id*. at 22), and hostage taking, (*id*. at 20, 23). Miller also claims that the Defendants violated her substantive due process rights under the Fourteenth Amendment, (*id*. at 19), her right to free speech under the First Amendment, (*id*. at 19), her right to freedom of religion under the First Amendment, (*id*. at 19–20) and right to be free from slavery under the Thirteenth Amendment, (*id*. at 20).

Miller's factual assertions are also voluminous and unintelligible. While Miller contends that her 76 paragraph, single spaced Complaint is "mainly about" issues related to a cardiac catheterization and an open heart surgery performed at Pennsylvania Hospital by Dr. Haber and Dr. Bridges in 2007, *see* (Objections at 3, ECF No. 23), her pleading jumps from topic to topic in an incoherent manner and includes extensive discussion about issues that are irrelevant to what the lawsuit seems to be about. For example, in one paragraph Miller discusses the counseling she received after her husband's death, a slip and fall at Pet Smart, a party that her son attended, an incident of alleged police brutality, a meeting with Florida Congresswoman Shelly Vanna and a lawsuit against the Royal Palm Beach police department and Jewish Community Center. (Compl. 13–14.) She also discusses numerous medical conditions she purportedly suffers from including Multiple Sclerosis, Raynaud's Syndrome, Hashimoto Thyroid Disease, Anticardiolipin Syndrome, Depression and Fibromyalgia. *See* (*id.* at 7, 8, 14, 23). Again, it is unclear what these conditions have to do with anything the Defendants are alleged to have done.

Miller's Complaint is accordingly dismissed without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court grants Miller leave to file an amended complaint so she can attempt to cure the defects set forth above and hopefully sufficiently inform the Court of the specific issues requiring determination. *See Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). The Amended Complaint must contain "a short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Moreover, each allegation must be simple, concise, and direct. *Id.* at 8(d)(1).

An appropriate order follows.

BY THE COURT:


***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.